JOHN VOGLE, Plaintiff in Error, vs. WILLIAM GRACE, Defendant in Error.

ERROR TO THE DISTRICT COURT OF DAKOTA COUNTY.

The Statute, (*Comp. Stat. p.* 562 *Sec.* 41,) does not imperatively require the Judge to file his decision within twenty days after the term, but is directory only.

Points and Authorities of Plaintiff in Error.

*First.*—The Defendant below was entitled to a determination of said action, and a final decision therein at the term of the District Court in which said action was tried; yet said action was not determined or a decision thereon filed until the twenty-second day of December, 1860, more than twenty days after said Court at said Term adjourned *sine die.* *Statute Sec.* 41, *p.* 562.

*Second.*—Said action at the time of the *decision*, and at and before the time of the filing [of the findings of the alleged matters of fact, and of the conclusions of law, and the decision of the Court thereupon, had been, and was discontinued.

*Third.*—The Court had not nor had the Honorable Judge thereof any jurisdiction in said action, or authority in law to decide said cause after the expiration of twenty days from the rising of said Court, and therefore the judgement of said Court so entered upon said alleged decision was and is erroneous.

Points and authorities of Defendant in Error.

*First.*—The statute which provides for filing the written decision of the Court below within twenty days after the time at which the trial by the Court is had, " is merely directory." And there is no provision that the Court may not file such decision afterwards. The Defendant in Error could therefore

lose no rights by any brief delay, or omission on the part of the Court below in filing its decision. *People vs. Allen,* 6 *Wend. Rep.* 486 ; *Jackson vs Young,* 5 *Cow. Rep.* 269 ; *Pond vs. Negus,* 2 *Mass. Rep.* 230 ; *Tillman et al vs. Jackson,* 1 *Minn. Rep.* 183 ; 4 *Abbott's Prac. Rep.* 118 ; *Smith on Con. of Stat.* 782–796.

*Second.*—The decison and judgment of the Court below could have been filed and entered in the cause " *nunc pro tunc,*" and any delay or omission to file the decision, if any there was on the part of the Court below, without any fault on the part of the Defendant in Error, could not have prejudiced the Plaintiff in Error in any way.

SMITH & GILMAN, Counsel for Plaintiff in Error.

MORRIS LAMPREY, with ROBINSON & LEECH, Counsel for Defendant in Error.

*By the Court.*—EMMETT, C. J.—The only error claimed to exist in this record, is that the Judge, to whom the case was submitted, without the intervention of a jury, neglected to file with the Clerk, his decision until twenty days had expired after the term at which it was tried.

The case was tried in term time, on the twenty-second day of September, 1860, but the decision was not filed until the twenty-seventh day of December following. It is admitted that the term had been adjourned without day more than twenty days prior to the filing of this decision, although some objection is made as to the manner by which this fact is shown.

We are of the opinion that the statute upon which the Plaintiff founds his objection, (*Com. Stat.* 562, *Sec.* 41,) does not imperatively require the Judge to file his decision within twenty days after the term, but that it is directory only to the Judge. The District Court, under our system, is the one Court of general jurisdiction ; and when it has once tried a case according to law, it does not, like certain Courts of limited jurisdiction, lose its power to render judgment by mere delay beyond a specified time. When the parties have once

tried and submitted their case, they have done all that can be required of them. They have no control over the Judge to force him to decide within the time, for he would have in any event to the last moment to comply with the directions of the statute. They should not therefore be prejudiced by the omission. The parties must necessarily wait until the time has fully expired, before it is known that the judge has failed. to comply, and then if the omission is fatal, they must be put to the trouble, expense and delay of another trial, without any fault of their own. This would be putting parties too much in the power of the Court. A partial or prejudiced Judge might indulge his partiality or prejudice to the great injury of the party, by simply delaying to file a decision, which when rendered must inevitably be in his favor.

It is undoubtedly the duty of the Judge to make and file his decision within twenty days as directed by the statute, but as the parties cannot compel him so to do, we think the cause of justice will be best subserved by construing the statute to be directory merely as to the time of making and filing the decision. Mere delay is not likely to prejudice any one but the party entitled to, and who at last obtains, the decision in his favor, and it is not at all probable that he will ever urge such an objection against his own judgment.

The judgment is affirmed.