MAY TERM, 1873. 243

The Indianapolis, Bloomington, and Western R. W. Co. *v.* Ferguson.

## THE INDIANAPOLIS, BLOOMINGTON, AND WESTERN RAILWAY CO. *v.* FERGUSON.

PRACTICE.—*Evidence.*—*Cross-Examination of Plaintiff.*—Where the cause assigned in a motion for a new trial was, that the court erred in refusing to permit a question to be asked the plaintiff on his cross-examination, and there was no evidence showing that the question was as to matters testified to by the witness on his examination in chief;

*Held*, that the overruling of the motion was not error.

SAME.—*Damages on Affirmance.*—*Stay of Execution.*—Damages cannot be given in the Supreme Court on affirmance, unless there has been a stay of execution.

642

APPEAL from the Montgomery Circuit Court.

DOWNEY, J.—This was an action by the appellee against the appellant, to recover the value of a house and furniture therein of the appellee, which it is alleged was negligently set on fire by sparks from a locomotive of the appellant. The issue was formed by a general denial of the complaint. There was a trial by a jury, a verdict for the plaintiff, a motion for a new trial overruled, and judgment on the verdict.

The only alleged error properly assigned is the refusal of the court to grant a new trial.

There is a bill of exceptions showing that "after the plaintiff had been examined in chief, as a witness in his own behalf, the attorney for the defendant asked him the following question, on cross-examination, to wit: 'How much was the farm, upon which the house stood, about which you have testified, depreciated in value by the burning of said house?'" The court, on objection by the plaintiff, refused to allow the question to be answered.

No point is discussed or insisted upon, except as to the refusal of the court to allow the answer to this question on cross-examination.

Although the question to the witness assumes that he had testified about the house, it does not appear what his testimony was, or that the question asked was relevant to the

matter concerning which the witness had given evidence in his examination in chief. A cross-examination must be limited to the matters about which the witness has testified in his first examination. The court may have refused to allow the witness to answer the question because the cross-examination attempted did not conform to this rule.

We are asked by counsel for the appellee to give damages on the affirmance of the judgment. But we cannot do this, for the reason that it does not appear that there has been any stay of execution in the case, either by the execution of an appeal bond, or by obtaining a supersedeas and giving bond. It is only in such cases that damages can be awarded on an affirmance of the judgment by this court. 2 G. & H. 276, sec. 569.

The judgment is affirmed, with costs.

*J. C. Black, P. S. Kennedy,* and *W. T. Brush,* for appellant.

*J. McCabe* and *T. Patterson,* for appellee.