THE TOLEDO, WABASH, AND WESTERN RAILWAY CO. *v.* HARRIS.

RAILROAD.—*Pleading.*—*Contributory Negligence.*—A complaint against a railroad company for negligently killing cattle must negative the existence of contributory negligence on the part of the plaintiff.

SAME.—A complaint against a railroad company for killing cattle, on the ground of the road's not being fenced, which alleges that the cattle came upon the road at a point where it was not securely fenced, and were there injured by being run over, etc., is sufficient.

WITNESS.—*Cross-Examination.*—The cross-examination of a witness must be limited to the matters about which he has testified in chief.

SAME.—*Impeachment.*—Where a witness, on cross-examination, is asked certain questions as a foundation for impeachment, and it is proved by another witness that he had made certain material statements denied by him, he may be recalled and permitted to explain the nature, circumstances, meaning, and design of what he is proved elsewhere to have said, but perhaps not merely for the purpose of again denying the making of the statements imputed to him, though this will not be sufficient cause for the reversal of the judgment.

From the Carroll Circuit Court.

*W. Z. Stuart* and *J. H. Gould*, for appellant.

DOWNEY, J.—Suit by the appellee against the appellant. The complaint states, " that, on or about the 16th day of April, 1868, the defendant unlawfully and carelessly wounded, injured, and killed two work oxen of the plaintiff, by wrongfully and carelessly running against and over them a train of

cars, which said cars were then and there running upon the track and road of said defendant, within the county of Carroll, and State of Indiana. The said cattle came on said railroad track at a point therein where said railway was not securely fenced, and were then in charge and under the control of certain employes and agents of said defendants; and then and there and thereby said defendants became and are indebted to said plaintiff, by means of said wrongful and careless destruction of said cattle, in the sum of two hundred dollars; which said amount is due, and which said defendant refused to pay, although often requested so to do. Wherefore," etc. A bill of particulars is filed with the complaint, in which the claim is stated as follows: " To two work oxen, injured and killed, $200.00."

Answer: 1. A general denial.

2. Set-off for five hundred cords of wood piled up along the railroad in Carroll county, Indiana, burned by the said plaintiff, fifteen hundred dollars.

3. That the oxen were breachy, and broke over the fence which the railway company had caused to be constructed at the place where the cattle got on the track, etc.; that the company employed the plaintiff to build the fence on both sides along the line of her road at the place aforesaid, from cattle-guard to cattle-guard; that the plaintiff built the fence and the company paid him therefor; that the plaintiff was fully advised of the character of the fence, and the breachy and vicious habits of one or both of said oxen; and that, notwithstanding the premises, he carelessly, negligently, and without regard to the safety of his cattle, placed the said oxen in a field alongside the railway, and separated from the same by said fence, etc., and thus the oxen broke in, etc., and came in contact with the locomotive, etc. Wherefore, etc.

4. That the plaintiff was in the habit of laying down the fence, etc., which was built by the plaintiff, etc., and had gates and bars therein, which plaintiff was in the habit of leaving open; and at the time in question the plaintiff left the fence

open over night, and the said cattle got on the track thereat, and were injured, etc. ; that the place was securely fenced, etc.

Reply in denial of the special paragraphs of the answer. Trial by jury, and general verdict for the plaintiff, with answers to several interrogatories propounded to the jury at the request of the defendant. Motion for a new trial; for judgment on the special findings, and in arrest of judgment overruled, and final judgment for the plaintiff.

Errors assigned in this court:

1. The complaint does not state facts sufficient to constitute a cause of action.

2. The court erred in overruling the motion for a new trial.

3. In refusing to render judgment for the defendant on the special findings.

It is difficult to determine what we are to understand from the complaint. It was intended either as a complaint for the negligent killing of the cattle, or as seeking to recover on the ground that the railway was not securely fenced. But it is difficult to say which. As a complaint for the negligent killing of the cattle, it is defective, because it does not negative the existence of contributory negligence on the part of the plaintiff. *The Indianapolis, etc., R. R. Co.* v. *Robinson*, 35 Ind. 380, and cases cited. The part of the complaint relating to the railway's being unfenced is as follows:

" That said cattle came on said railroad track at a point therein where said railway was not securely fenced, and were there in charge and under the control of certain employes and agents of said defendant," etc.

It is not very easy to perceive why it was stated in this part of the complaint that the cattle " were there in charge and under the control of certain employes and agents of the defendant," or what effect that statement can have in the cause. It is alleged in the complaint that the cattle came on the railroad track at a point where the road was not securely fenced, and that they were there injured by being run over by the locomotive, etc. With some hesitation, we hold that the complaint is sufficient under the statute.

Under the second error assigned, it is urged, in the first place, that the evidence was not sufficient to justify the verdict of the jury. It appears that the railroad runs through the lands of the plaintiff east and west; that his house and barn are on the north side of the road; that the road was fenced on both sides securely, by a fence built by the plaintiff himself, at the instance of the company; that in the fence on the north side of the railroad there was a gate, and in the fence on the south side a gap; that on the evening prior to the injury, the oxen injured, with two others, were turned into the plaintiff's land on the south side of the railroad, and the gap was closed up; that the plaintiff's land adjoins land of one Gilliford lying on the east of the plaintiff's land; that there was no fence between the lands of the plaintiff and those of Gilliford; that the fence along the railroad on Gilliford's land had been thrown down in several places; that the first cattle-guard east of plaintiff's place was somewhere on the land of Gilliford, and the fence joining up to it defective; that the oxen were injured by a train passing in the night, on the evening of which they were turned in the land south of the railroad; that on the next morning their tracks were seen up at the place where the fence was down on Gilliford's land, and that the fence south of the railroad on the plaintiff's land was found thrown down, or partly thrown down, the next morning  There was some evidence tending to show that one of the oxen was breachy, and other evidence the other way.   It is apparent, from this summary of the evidence, that the cattle may have gone on the road from the lands of Gilliford, or they may have got on the road by going over the fence on the plaintiff's land, where it was found partly thrown down, or some of them may have gone on at one place and some at the other.   Had there been a sufficient fence and cattle-guard at the line between the lands of the plaintiff and those of Gilliford, it would be pretty clear that the cattle got on the road through the fence on the plaintiff's land.   But this does not appear.  We are not prepared to disturb the judgment upon this question of fact.

The defendant offered to prove, by a cross-examination of

one of the plaintiff's witnesses, that the plaintiff had been in the habit, during the fall before the happening of the injury in April, of pasturing these cattle on the way of the company through the plaintiff's farm, whereby the cattle had acquired the habit of grazing within the railway fences. The court refused to allow the examination. Two objections were made to it; first, that it was immaterial, and, second, it was not proper on a cross-examination. It seems to us that the ruling was right on both grounds. That the cattle had depastured on the way of the company before, might show that they would probably go there again for that purpose, but would not tend to show whether they went by one route or by the other. A cross-examination must be limited to the matters about which the witness has testified in his examination in chief. *The Indianapolis, etc., R. W. Co.* v. *Ferguson*, 42 Ind. 243.

The defendant, during the cross-examination of the plaintiff, asked him certain questions as a foundation upon which to impeach him, by proving, by another witness, that he had made a certain material statement denied by him, and accordingly did prove that he had made such statement. Thereupon the court allowed the plaintiff, against the objection of the defendant, again to be called to the stand, and to repeat his denial of having made the statement sworn to by the defendant's witness. This was made a ground of the motion for a new trial. We think that there is no doubt that a witness, under such circumstances, may be recalled, and may " explain the nature, circumstances, meaning, and design of what he is proved elsewhere to have said." 1 Greenl. Ev., sec. 462. Perhaps the court should not allow the witness sought to be impeached to be re-examined merely for the purpose of again denying the making of the statement imputed to him. But we cannot think the allowance of this by the court is such an error as should reverse the judgment.

The third alleged error is not insisted upon in the brief of counsel.

The judgment is affirmed, with costs.

Petition for a rehearing overruled.