Filed Dec. 19, 1884.

---

No. 11,764.

## SMITH v. UHLER.

PRACTICE.—*Trial by Court.*—*Taking Under Advisement.*—*Motion to Set Aside Finding.*—*Statute Construed.*—The requirement of section 551, R. S. 1881, that the court trying an issue shall not hold the matter under advisement more than 60 days, is directory, and a failure to obey it will not affect the determination when made afterwards.

SAME.—*Special Finding.*—The court must make a special finding of the facts, and its conclusions of law thereon, when properly requested; but such request must be shown either by an order-book entry, by bill of exceptions, or by the special finding itself.

From the Jackson Circuit Court.

*B. H. Burrell* and *F. Emerson,* for appellant.

*W. K. Marshall,* for appellee.

COLERICK, C.—The appellant sued the appellee for damages, which he alleged in his complaint were sustained by him in consequence of certain false and fraudulent representations that were made to him by the appellee to effect an exchange between them of certain property. As no question arises on the pleadings in the action, it is unnecessary to refer to them. The issues were tried by the court, and resulted in the rendition of a finding and judgment in favor of the appellee.

The record shows that the trial was concluded on the 28th day of April, 1883, and that the case was then taken under advisement by the judge, who, afterwards, on the 5th day of

July, 1883, filed, in writing, his determination therein as required by the statute (R. S. 1881, section 551), at which time court was not in session, and more than sixty days had expired from the time the action was taken under advisement. On the first day of the next term of the court thereafter the appellant moved the court to set aside the submission of, and the determination of the court in, said action, because : 1st. The judge failed to file his determination therein within sixty days from the time the action was taken under advisement as required by the statute.    2d. The court neglected and omitted to make a special finding of the facts in the action, and its conclusions of law thereon, as requested by the appellant. And also then moved the court for a *venire de novo*, assigning as the sole cause for its support the failure of the judge to file his determination in the action within the time prescribed in the statute.    Both of these motions were overruled, and, thereupon, the appellant moved the court for a new trial, which motion was also overruled, and these several rulings are the only errors assigned by the appellant for the reversal of the judgment.

No error was committed by the court in refusing to set aside its determination in the action because it was not filed within the time required by the statute.    See *Jones* v. *Swift*, 94 Ind. 516, where the statute referred to was construed by this court adversely to the views that are urged by the appellant in this case.    It was there said :  " This statute is of a remedial nature, and was, evidently, enacted in the interest and for the benefit of litigants, in expediting the final disposition of their actions in courts of justice, by requiring the judges thereof trying the same, to render within a reasonable time, so prescribed, their decisions therein.    It is to be construed as a rule for the government of the court, and as a compulsory means of compelling judges to render prompt decisions in actions tried by them, so as to mitigate, to that extent, the annoyance and expense incident to protracted litigation.    It will not do to hold that this statute may be used as

a weapon against the successful litigant, for whose protection it was enacted, by rendering ineffectual the judgment rendered in his favor, because the judge violated or failed to observe its provisions.   To avoid such injustice the statute must be construed as directory."   Also, *Martin* v. *Pifer*, 96 Ind. 245; *Vogle* v. *Grace*, 5 Minn. 294.

We have been unable to discover, after a careful examination of the record, any entry in the order-book or recital in the bill of exceptions, showing that the court was requested by either party to make a special finding of the facts in the case and its conclusions of law thereon.   It is true that it is recited in the motion above referred to, which is embodied in a bill of exceptions, that such request had been made by the appellant, but this is not sufficient to show that it was, in fact, made.   The bill of exceptions merely shows that the motion was overruled; it does not state that the facts recited in the motion are true, or that any such request was made.   It must affirmatively appear by an entry in the order-book of the court, or by a bill of exceptions, or by the special finding of facts itself, that such a request was made; otherwise this court can not say that it was made.   If it had been properly made by the appellant in this case, it would have been the imperative duty of the court below to have complied with the request by making such special finding.   R. S. 1881, section 551.   As the record fails to show that any such request was made, we can not hold that the court erred in overruling the motion to set aside its determination in the action because no such special finding was made.

The only reasons assigned in support of the motion for a new trial, that have been urged in this court and discussed by the appellant in his brief, are that the finding of the court was not sustained by sufficient evidence, and was contrary to the evidence and the law.   The evidence is in the record.   It is conflicting, but strongly tends to sustain the finding of the court, and, therefore, under the well settled practice of this court, we are precluded from disturbing the finding on the weight of the evidence.   The finding was not contrary to law.

This disposes of all the questions submitted for our consideration, and as there is no error in the record, the judgment ought to be affirmed.

PER CURIAM.—The judgment of the court below is affirmed, at the costs of the appellant.

Filed Dec. 19, 1884.