Quill *et al. v.* Gallivan.

Filed Nov. 18, 1886.

———◆———

No. 12,849.

## QUILL ET AL. *v.* GALLIVAN.

SUPREME COURT.—*Complaint Questioned by Assignment of Error.*—A complaint, which is good as against the defendants named, can not be questioned for the first time in the Supreme Court by an assignment of errors made by parties brought into the trial court on application of one of the original defendants.

SAME.—*Judgment.*—*Practice.*—If all the persons interested in land are before the court, whether parties originally or brought in by cross complaint, the court may settle and adjudicate all conflicting titles and equities; and if those so brought in are not satisfied with the decree, but make no motion to modify, they can not question it for the first time in the Supreme Court.

PRACTICE.—*Bill of Exceptions.*—*Judgment.*—Objections to a judgment, not exhibited by a bill of exceptions, are unavailing.

JUDGMENT.—*Not Rendered in Sixty Days After Trial.*—The fact that the court did not make its finding within sixty days after the conclusion of the trial, does not prejudice the rights of the parties.

SPECIAL FINDING.—*Facts not Found.*—*New Trial.*—Facts not stated in a special finding are deemed not proved by the party having the burden of proof, and the remedy for a failure to find all the facts embraced in the issues and the evidence, is by motion for a new trial.

From the Wells Circuit Court.

*A. N. Martin* and *H. L. Martin,* for appellants.
*J. S. Dailey, L. Mock* and *A. Simmons,* for appellee.

ELLIOTT, J.—The complaint of the appellee is for the recovery of real estate, and is against two of the appellants, Michael and Ellen Quill.

The complaint is undoubtedly good as against the defendants named in it, and an attack upon it in the assignment of errors by parties subsequently brought into the case can not prevail. If a complaint is good as against the parties against whom it is directed, it can not be successfully challenged for the first time in the assignment of errors made by parties brought into court on the application of one of the original defendants.

If the parties interested in land are all properly in court, no matter whether brought in by the original complaint or by cross complaint, the court may settle and adjudicate all conflicting claims and equities. The object of our code is to enable the court to settle the whole controversy by one decree, and this it may do when all the parties are before it.

If the appellants who were brought in after the complaint was filed, by their co-appellants, were not satisfied with the decree, they ought to have moved to modify it; failing to do this they can not for the first time present the question in this court. *Bayless* v. *Glenn,* 72 Ind. 5, and cases cited; *American Ins. Co.* v. *Gibson,* 104 Ind. 336, see p. 342.

If, however, we were in error in this, it would avail these appellants nothing, because the rule is firmly settled that an objection to a judgment, not exhibited by a bill of exceptions, is unavailing. *Adams* v. *LaRose,* 75 Ind. 471; *Stelzer* v. *LaRose,* 79 Ind. 435; *Marquess* v. *La Baw,* 82 Ind. 550; *Pennsylvania Co.* v. *Niblack,* 99 Ind. 149; *Forsythe* v. *Kreuter,* 100 Ind. 27.

It is not improper to add that we are satisfied from an examination of the whole record that there is in reality no money judgment against any of the appellants, except Michael and

Ellen Quill, so that the whole argument of the other appellants is foundationless.    It is evident to our minds that the word "defendants," as used, only refers to those defendants we have just named.

The fact that the court did not make its finding within sixty days after the conclusion of the trial, does not prejudice the rights of the parties.    *Jones* v. *Swift,* 94 Ind. 516; *Martin* v. *Pifer,* 96 Ind. 245; *Smith* v. *Uhler,* 99 Ind. 140.

It is now well settled that facts not stated in a special finding are here treated as not proved, and the finding is not vitiated by the failure to find upon all the facts embraced within the issues.    If a fact is not found, it is deemed, as against the party having the burden, not to have been proved, and his remedy is by a motion for a new trial.    *Glantz* v. *City of South Bend,* 106 Ind. 305; *Quick* v. *Brenner,* 101 Ind. 230; *Talburt* v. *Berkshire Life Ins. Co.,* 80 Ind. 434; *Ex Parte Walls,* 73 Ind. 95; *Vannoy* v. *Duprez,* 72 Ind. 26; *Martin* v. *Cauble,* 72 Ind. 67; *Stropes* v. *Board, etc.,* 72 Ind. 42; *Graham* v. *State, ex rel.,* 66 Ind. 386.

No substantial error was committed in sustaining the appellee's demurrer to the first paragraph of Michael Quill's cross complaint, for the second paragraph secured him all the benefit he would have been entitled to if both had been left standing, as the same evidence was admissible under the second paragraph.    *Luntz* v. *Greve,* 102 Ind. 173.

Judgment affirmed.

Filed Nov. 17, 1886.