## DAVIS *v.* ARNOLD IRRIGATION COMPANY.

### (213 Pac. 1013.)

Appeal and Error—Only Error Legally Excepted to Ground for Reversal.

In order to rely on a feature of a case on appeal, it is necessary that an objection be urged in the trial court by some appropriate method, as it is not error, simply, but error legally excepted to, that constitutes ground for reversal; and hence without exception it cannot be urged on appeal that the pleadings alleged total failure to furnish water as agreed and the evidence showed a partial failure only.

From Deschutes: T. E. J. DUFFY, Judge.

Department 1.

MOTION TO DISMISS DENIED. AFFIRMED.

For appellant there was a brief over the name of *Mr. C. S. Benson.*

For respondent there was a brief over the name of *Mr. H. H. De Armond.*

BURNETT, J.—This is an action by a water user against an irrigation district to recover damages for an alleged failure of the defendant to furnish to the plaintiff water for the irrigation of his crops in compliance with the contract for that purpose between the parties. The answer denies the breach of the contract charged upon the defendant. A jury trial resulted in a verdict and judgment against the defendant and it has appealed.

The only document giving a history of the case in the Circuit Court is a report of the testimony certified by an acting official reporter. In this narration there are numerous objections to testimony upon which there is no ruling and no exception; many others, where there was a ruling but no exception. In only two instances was an exception taken by the defendant. While the plaintiff was testifying, he was asked if he knew about what crops were raised on land similar to his in 1919. The defendant objected to this question as incompetent, irrelevant and immaterial. The objection was overruled and he excepted; but the witness answered in the negative so no harm befell the defendant on that account. The other instance occurred while the defendant's counsel was cross-examining the plaintiff's witness, Mary Renno. He asked her if in a conversation when she was complaining about shortage of water, she mentioned the unsatisfactory location of a schoolhouse. The court sustained the plaintiff's objection that this was not cross-examination but incompetent, irrelevant and

immaterial.   The defendant excepted.   The ruling was correct.   The location of the schoolhouse could not in any event have anything to do with the irrigation of the plaintiff's crops or with the shortage of water.   These questions, indeed, are not mentioned in the argument in the brief but are stated to show the paucity of merit in the defendant's appeal.

For the first time, and that, too, in this court, the defendant raises the question that while the charge against the defendant is its total failure to furnish water as it agreed, the evidence shows only a partial failure.   If the defendant would rely upon this feature, it should have urged the objection in the Circuit Court by some appropriate method; for instance, a motion for nonsuit or for directed verdict, but no effort in that behalf is stated in the record.   Ever since *Kearney* v. *Snodgrass,* 12 Or. 311 (7 Pac. 309), the rule has been invariable that "It is not error, simply, but error legally excepted to, that constitutes ground for reversal."

In cases like the one in hand, this court has only appellate jurisdiction to revise errors of the Circuit Court.   Parties cannot ignore that court and expect us to attend to their complaints, which have not first had the consideration of the trial court.   The judgment is affirmed.

MOTION TO DISMISS DENIED.   AFFIRMED.

McBRIDE, C. J., and HARRIS and RAND, JJ., concur.