MODIFIED.

---

Submitted on briefs March 25, affirmed April 15, rehearing denied June 3, 1924.

## J. A. MADDOX *v.* T. G. McHATTAN.

### (224 Pac. 833; 226 Pac. 427.)

**Appeal and Error—Only Error Legally Excepted to Constitutes Ground for Reversal.**

1. In an action at law, it is not error simply, but error legally excepted to, that constitutes ground for reversal.

**Appeal and Error—Objection to Finding of Trial Court in Action of Law cannot be Raised First Time on Appeal.**

2. An objection to a finding of the trial court in an action at law to the effect that the court erred in its finding of fact that no competent evidence was introduced by plaintiff and that there was a total failure of proof could not be raised on appeal, where plaintiff not only failed to except to the findings made by the court, but failed to make any application for different findings.

### ON PETITION FOR REHEARING.

**Trial — Statute as to Time for Filing Findings and Conclusions Merely Directory.**

3. Section 158, Or. L., as to time for filing findings and conclusions, is merely directory, and delay beyond specified time does not defeat jurisdiction to render judgment.

From Klamath: A. L. LEAVITT, Judge.

In Banc.

This is an action at law tried by the court without the intervention of a jury, for the collection of a

---

See 3 C. J., pp. 895, 933, 936.

balance alleged to be due on a promissory note. Plaintiff claims that the indebtedness evidenced by the note has been only partially satisfied by the sale of certain lands under mortgage foreclosure in a previous suit. The Circuit Court dismissed plaintiff's action to recover the alleged balance, and he appeals from the judgment thereon, which was rendered upon the following findings:

"First: On September 24, 1920, the defendant made and delivered to the plaintiff his promissory note and mortgage on certain real property situated in Klamath County, Oregon, to secure payment of the same; on January 3, 1922, plaintiff commenced a suit against the defendant in this court to foreclose said mortgage, and summons was issued and served on the defendant by publication only, he being a nonresident of this state and absent therefrom, and the defendant did not appear in said suit, and thereafter, in due time, a judgment was duly and regularly made and entered in favor of plaintiff and against the defendant, foreclosing said mortgage in the usual manner.

"Second: Said mortgage was given to secure money loaned by plaintiff to defendant, and was not a purchase price mortgage.

"Third: No competent evidence was offered to prove that there is any balance, after foreclosure, owing on said note by the defendant, and the court therefore so finds; that there was a total failure of proof to sustain plaintiff's cause of action."

"Conclusions of Law.

"The defendant, T. G. McHattan, should have judgment against the plaintiff for his costs and disbursements of this action; that plaintiff's action should be dismissed.

"A. L. LEAVITT, Judge.

"Dated October 13, 1923."

Plaintiff asserts that the court erred in finding that no competent evidence was introduced by plain-

tiff and that there was a total failure of proof, in its conclusion of law that defendant should have judgment against plaintiff for his costs and disbursements and that plaintiff's action should be dismissed, and in rendering judgment in accordance therewith.

AFFIRMED.   REHEARING DENIED.

For appellant there was a brief over the name of *Messrs. O'Neill & Irwin.*

For respondent there was a brief over the name of *Messrs. Rutenic & Yaden.*

BROWN, J.—1. Responding to the assignments of error, we have searched the record in vain for the purpose of examining the exceptions noted therein to the rulings of the court. We find that plaintiff has reserved no exceptions. The only exceptions disclosed are defendant's exceptions to rulings made upon objections interposed by him. This is not an equity suit, where the cause is tried *de novo.* Long ago, this court declared the law to be that, in an action at law, it is not error simply, but error legally excepted to, that constitutes ground for reversal: *Kearney* v. *Snodgrass,* 12 Or. 311 (7 Pac. 309). That pronouncement of the law relating to practice has been repeated by this court again and again. A few of the more recent cases are: *Nibley* v. *Delahunt,* 105 Or. 46 (209 Pac. 473); *Nally* v. *Richmond,* 105 Or. 462 (209 Pac. 871); *State* v. *Chase,* 106 Or. 263 (211 Pac. 920); *Davis* v. *Arnold Irr. Co.,* 107 Or. 93 (213 Pac. 1013).

The plaintiff says in his assignment that the court erred in its finding of fact No. 3 to the effect that no competent evidence was introduced by plaintiff and that there was a total failure of proof.

2. The plaintiff not only failed to except to the findings made by the court, but failed to make any application to the trial court for different findings. In fact, the record does not show that the plaintiff ever made any application to the court for any findings, of any kind or character.

The law of this state, as announced by this court in *Taffe* v. *Smyth,* 62 Or. 227 (125 Pac. 308), is:

"When an action is tried by stipulation without the intervention of a jury, and from the evidence received findings of fact are made upon all the disputed questions to which the parties in the pleadings have narrowed their respective allegations, such conclusions will not be disturbed on appeal unless it satisfactorily appears, from an inspection of the bill of exceptions, that application was made to the trial court for further or different findings, and the request therefor denied: *Hicklin* v. *McClear,* 18 Or. 126 (22 Pac. 1057); *Umatilla Irr. Co.* v. *Barnhart,* 22 Or. 389 (30 Pac. 37); *McClung* v. *McPherson,* 47 Or. 73 (81 Pac. 567, 82 Pac. 13).

In the case of *Hicklin* v. *McClear,* 18 Or. 126 (22 Pac. 1057), Mr. Chief Justice THAYER wrote:

"Whether or not that court was justified by the weight of evidence in making the findings, this court cannot consider. Nor can it consider any failure or neglect on the part of the circuit court to make other findings from the evidence before it, which would be material in the case, unless the point is specially made and brought here. If the findings of the circuit court in such a case are wholly unsupported by the evidence, and that fact is made to appear by a bill of exceptions purporting to contain all the evidence upon the point, this court would disregard the findings. And should the circuit court fail or neglect to make a material finding upon the evidence before it, and the bill of exceptions showed that the court was specially requested to make the finding, and it had refused to do so, this court would doubtless deem an

exception to such refusal well taken. I am induced to make these suggestions because they involve an important point in practice, to which the attention of the profession should be called.''

Such has been the established practice in the courts of this state from that time until the present day.

See also *Franklin* v. *Northrup,* 107 Or. 537, at p. 556 (215 Pac. 494), and the cases there collected.

This practice is not peculiar to Oregon. In other jurisdictions it is a general rule that objections to findings made by the trial court cannot be raised for the first time on appeal. And if a review of findings for alleged error is sought, an exception must be saved: 8 Ency. of Plead. & Prac. 273; 2 R. C. L., p. 69; 8 Stand. Ency. of Proc. 1076.

This case is affirmed.

AFFIRMED. REHEARING DENIED.

---

Rehearing denied June 3, 1924.

ON PETITION FOR REHEARING.

(226 Pac. 427.)

For the motion, *Messrs. O'Neill & Irwin.*

*Contra, Messrs. Rutenic & Yaden.*

BROWN, J.—This is a petition for rehearing based upon a point not assigned as error by plaintiff upon appeal in the case of *Maddox* v. *McHattan,* reported in 111 Or. 324 (224 Pac. 833).

The plaintiff appealed from a judgment of the trial court rendered in this cause, tried to the court below without a jury.

The contention of plaintiff now is that this court erred in assuming jurisdiction of his cause on appeal.

It is now asserted for the first time that jurisdiction failed because the findings of fact and conclusions of law were not filed by the trial court until after the expiration of more than twenty days, as provided by statute, from the adjournment of the term of the lower court at which the evidence was adduced upon the hearing: Or. Laws, § 158.

3. The findings of fact and conclusions of law were filed before the entry of judgment. It does not appear that the plaintiff was prejudiced by the trial court's delay.

"The time within which findings should be filed is generally fixed by the statutes of the several states. Such statutes are, however, as a rule, directory and not mandatory." 8 Ency. Pleading & Practice, p. 949.

See also Haynes on New Trial and Appeal, § 238, note 13; 38 Cyc. 1951, 1952 and 1962.

The rule that the statutory provision relating to the time within which the findings should be filed is directory is sustained by the weight of authority: *Burger* v. *Baker,* 4 Abb. Pr. (N. Y.) 11; *People* v. *Dodge,* 5 How. Pr. (N. Y.) 47; *Lewis* v. *Jones,* 13 Abb. Pr. (N. Y.) 427; *McLennan* v. *Bank of California,* 87 Cal. 569 (25 Pac. 760); *Quill* v. *Gallivan,* 108 Ind. 235 (9 N. E. 99), and cases there cited.

The Supreme Court of Minnesota clearly states the reason for holding a like statutory provision to be directory.

" * * The district court, under our system, is the one court of general jurisdiction; and when it has once tried a case according to law, it does not, like certain courts of limited jurisdiction, lose its power to render judgment by mere delay beyond a specified time. When the parties have once tried and submitted their case, they have done all that can be re-

quired of them. They have no control over the judge to force him to decide within the time. * * They should not, therefore, be prejudiced by the omission." *Vogle* v. *Grace*, 5 Minn. 294, 295.

The decisions of the courts of Texas are to the contrary.

The petition for rehearing is denied.

REHEARING DENIED.