Argued September 10, reversed and remanded November 12, 1959

## TWIN FALLS BANK & TRUST COMPANY *v.* CITY ELECTRIC COMPANY ET AL

346 P. 2d 84

*Sam F. Speerstra* argued the cause for appellants. On the brief were Rhoten, Rhoten & Speerstra, Salem, and T. J. Jones, Boise, Idaho.

*Otto R. Skopil, Jr.,* argued the cause for respondents. On the brief were Williams & Skopil, Salem.

Before McALLISTER, Chief Justice, and ROSSMAN, PERRY and REDDING, Justices.

REDDING, J. (Pro Tempore)

This is an appeal by the defendants from a judgment of the circuit court in an action tried to the court without a jury. At the conclusion of the trial, the defendants, as well as the plaintiff, requested and were granted permission to submit special findings.

The following sequence of events occurred after the conclusion of the trial on February 15, 1957. On February 20 defendants were served with Findings of Fact and Conclusions of Law requested by plaintiff. These findings, together with a judgment based thereon, were signed by the trial judge on February 26 and filed in the office of the county clerk for Polk county on February 28. The trial judge's signature was affixed in Lakeview, which accounts for the dif-

ference in the date of signing and filing. No hearing was held thereon.

After serving opposing counsel therewith, defendants, on February 25, filed with the county clerk Special Findings which they requested be entered. Thereafter, and on March 1, defendants filed with the county clerk Objections to Plaintiff's Findings of Fact and Conclusions of Law with which they had been served on February 20. At the time of filing such objections, the defendants had no knowledge that the plaintiff's Findings of Fact and Conclusions of Law had theretofore been signed by the trial judge and filed with the county clerk. Thereafter, and on March 1, the trial judge signed an order denying defendants' Objections to Plaintiff's Findings of Fact and Conclusions of Law.

From the foregoing it will be noted that the plaintiff, as was its right, tendered proposed findings to which the defendants filed timely objections, not knowing that the trial judge had prior thereto adopted, signed and filed the findings to which defendants sought to object. Defendants on this appeal contend that, pursuant to the provisions of ORS 17.430, they had ten days from the date on which they were served with plaintiff's requested findings within which to file objections thereto, and that the trial court committed error in signing and filing such findings and by entering a judgment based thereon prior to the expiration of ten days from the date on which defendants were served with such findings.

The procedure to be followed in law actions tried to the court without a jury is set forth in ORS 17.430, as follows:

"Upon the trial of an issue of fact by the court, its decision shall be given in writing, and filed

with the clerk during the term or within 20 days thereafter. The decision shall consist of either general or special findings without argument or reason therefor. All parties appearing in the case shall have the right to request either special or general findings. *Any findings so requested by any party shall be served upon all other parties who have appeared in the case, and such adverse parties may, within 10 days after such service, present to the judge objections to such proposed findings or any part thereof* and request other, different or additional findings. When the findings are prepared by the court or judge thereof without request by any party for either special or general findings, such findings shall be filed with the clerk, and the clerk forthwith shall mail a copy thereof to an attorney of record for each party appearing in the case, and any such party may, within 10 days after the filing of such findings, object thereto and request other, different or additional findings. If objections are filed to such findings and request is made for other, different or additional findings, such objections and request shall be heard and determined by the court within 50 days from the date of filing of the findings, and not thereafter, and if not so heard and determined within that time the objections and request shall be conclusively taken and determined denied. Nothing in this section shall prevent the court from either shortening or extending the time in which to file objections or request other, different or additional findings or prevent the parties to the case stipulating or agreeing to the findings to be entered." (Emphasis supplied)

In *Consolidated Freightways, Inc. v. West Coast Fast Freight, Inc.,* 188 Or 117, 212 P2d 1075, 214 P2d 475, this court, speaking through Mr. Justice LUSK, in construing ORS 17.430 as amended, states:

"* * * Its purpose was to prescribe rules for that practice: to fix the time within which re-

quested findings, either special or general, must be served on the opposing party, the time for presenting objections to such requested findings, and to allow time for objections to findings prepared by the court. In one sense there has never been any requirement of statute, or otherwise, that the defeated party in the Circuit Court must follow the practice of objecting to findings or requesting findings. He could always do as he liked about it. But, in another sense, if he wished to appeal and invoke this court's consideration of certain types of error, including the error assigned on this appeal, the practice is today, and always has been, compulsory: the objection must be made or the finding requested, and the adverse ruling thereon brought to this court, with the evidence, in a bill of exceptions."

Obviously, if the defendants wished to appeal and invoke this court's consideration of certain types of error, it was necessary for them to file objections to the challenged findings, and the adverse ruling thereon brought to this court with the evidence in a bill of exceptions. Such being the case, it would appear that, prior to the entry of findings and final judgment, the trial court had a duty to hear and determine the objections which the defendants timely filed to the findings requested by the plaintiff and which the court proposed entering.

■ The record reflects that the defendants' tendered findings were filed in the office of the county clerk on the day prior to the date on which the findings and judgment were signed. On appeal this may well be construed as a refusal on the part of the trial judge to adopt defendants' proposed findings. Plaintiff urges that this adequately preserves defendants' record for purposes of appeal in the instant case. We agree that this would be sufficient for purposes

of appeal in cases where a party is content merely to file requested findings and rely solely on the questions raised by the court's failure to enter such requested findings. Where, however, in addition to filing requested findings, a party, as here, desires to raise other and additional questions by the filing of objections to either the findings prepared by the court or those requested by the opposing party, we feel that ORS 17.430 not only contemplates the hearing and determination of such objections, if timely filed, but requires that such hearing and determination be made prior to the entry of findings and judgment, and that the trial court's failure so to do is reversible error. *McPherson v. State Industrial Accident Commission,* 169 Or 190, 127 P2d 344; *School District No. 106 v. New Amsterdam Casualty Co.,* 132 Or 673, 288 P 196; *Maddox v. McHattan,* 111 Or 324, 224 P 833, 226 P 427; *Stroberg v. Merrill,* 67 Or 409, 135 P 335; *Taffe v. Smyth,* 62 Or 227, 125 P 308; *Harris v. Harsch,* 29 Or 562, 46 P 141; *Tatum v. Massie,* 29 Or 140, 44 P 494; *Noland v. Bull,* 24 Or 479, 33 P 983; *Umatilla Irrigation Co. v. Barnhart,* 22 Or 389, 30 P 37; *In re Fenstermacher,* 19 Or 504, 25 P 142; *Hicklin v. McClear,* 19 Or 126, 22 P 1057.

■ Plaintiff urges that this appeal should be dismissed because of the defendants' failure to comply with the statutory requirement relative to the filing of a bill of exceptions in actions at law. Plaintiff's motion is without merit. As Mr. Justice Lusk points out in *Williams v. Ragan,* 174 Or 328, 143 P2d 209:

"The absence of a bill of exceptions has never been deemed a ground for dismissal of an appeal: Weinstein v. Wheeler, 127 Or. 406, 257 P. 20, 271 P. 733, 62 A.L.R. 574; Meaney v. State Industrial Accident Commission, 113 Or. 371, 374, 227 P. 305, 232 P. 789; * * *."

■ Whereas defendants' objections, timely filed, to plaintiff's tendered Findings of Fact and Conclusions of Law were not heard and determined by the trial court prior to the entry of findings and judgment; the entry of such findings and judgment was premature. The parties having had their day in court, in keeping with *Glickman v. Soloman,* 140 Or 358, 12 P2d 1017, we think the interests of justice will be served by reversing the judgment and remanding the cause, with directions to hear and determine defendants' objections to plaintiff's tendered Findings of Fact and Conclusions of Law and thereafter to enter Findings of Fact and Conclusions of Law and judgment in accordance therewith. It is so ordered.