Argued February 23, affirmed April 3, 1978

In the Matter of the Marriage of
T., *Respondent—Cross-Appellant,*
*and*
T., *Appellant.*
(No. 23805, CA 8952)
576 P2d 844

Scott McArthur, Monmouth, argued the cause for appellant. With him on the brief was McArthur & Horner, P.C., Monmouth.

Paul Snider, P.C., Salem, argued the cause and filed the brief for respondent—cross-appellant.

Before Schwab, Chief Judge, and Johnson, Gillette, and Roberts, Judges.

ROBERTS, J.

**ROBERTS, J.**

Husband appeals from a dissolution-of-marriage decree contending that the trial court erred in awarding custody of the minor child to wife, and that the court erred in entering the decree without conducting a hearing on husband's objections to proposed findings of fact. Wife has cross-appealed, claiming that the trial court erred in failing to award her attorney fees.

■ The trial court was correct in awarding custody of the minor child to wife. *See, Starin and Starin,* 29 Or App 557, 564 P2d 748, *rev den* 279 Or 191 (1977); *Sarty v. Forney,* 12 Or App 251, 506 P2d 535 (1973).

■ Husband's assignment of error concerning the trial court's failure to conduct a hearing on husband's objections to the proposed findings of fact relies upon ORS 17.431(3) and the case of *Twin Falls Bank v. City Electric et al,* 218 Or 542, 346 P2d 84 (1959). ORS 17.431(3) provides:

> "(3) Within 10 days after the court has made its decision, any special findings requested by any party, or proposed by the court, shall be served upon all other parties who have appeared in the case and shall be filed with the clerk; and any such other party may, within 10 days after such service object to such proposed findings or any part thereof, and request other, different or additional special findings, whether or not such party has previously requested special findings. Any such objections or requests for other, different or additional special findings shall be heard and determined by the court within 30 days after the date of the filing thereof; *and, if not so heard and determined, any such objections and requests for such other, different or additional special findings shall conclusively be deemed denied."* (Emphasis supplied.)

Husband relies upon the language "shall be heard" to indicate that a hearing on objections to proposed findings of fact must be held. The emphasized portion of the statute, however, clearly indicates that a hearing is not mandatory and is within the discretion of the

court, since provision is made for the situation in which no hearing occurs.

The facts in the *Twin Falls* case are very different. There the trial judge signed and filed the findings to which defendants objected before the expiration of the statutory time for defendants to file and serve objections. Although that decision directed the trial court to hear and determine defendants' objections there is no indication the Supreme Court interpreted the statute to require a hearing in all such cases. Our interpretation of ORS 17.431 leads us to the conclusion that failure to hold a hearing or objections on proposed findings of fact does not constitute error.

As to wife's cross-appeal, we conclude that the trial court was correct in not awarding attorney fees to either party.

Affirmed. No costs to either party.