90   165,
s51NW 198
e131 ³685

Nicholas Schuler and John Krem v. Frank Eckert.

*Building contract—Estimates—Principal and agent—Pleading—Findings of fact.*

1. An estimate made by an architect who is not authorized by the building contract to make estimates is not binding upon the party for whom the building is being erected.
2. Where no damages are claimed or awarded on the trial under a notice of recoupment, which is claimed to be too defective to admit of recouping damages thereunder, it is unnecessary to consider the question raised by such claim.
3. A circuit judge is not required to pass specifically upon questions of fact presented by either party where the same are immaterial to the issue, or are plainly and sufficiently answered in his general finding.

Error to Kent. (Grove, J.) Argued January 14, 1892. Decided February 5, 1892.

*Assumpsit.* Plaintiffs bring error. Affirmed. The facts are stated in the opinion.

*Everett D. Comstock (James A. Rogers,* of counsel), for appellants.

*Henry J. Felker (Frank A. Rodgers,* of counsel), for defendant.

Morse, C. J. The plaintiffs commenced suit against the defendant in justice's court on the 3d day of May,

1889. The summons stated that it was issued for the enforcement of a lien for the sum of $100 upon certain described premises "for the personal work and labor of plaintiffs and their help on a building thereon." The lien, as filed, claimed $65.50 balance upon an estimate, and $42.05 for specified extra work; making a total of $107.55.

Plaintiffs declared orally in *assumpsit* for work and labor performed by themselves and those in their employ upon the building mentioned in the summons. Defendant's plea was oral, which was reduced to writing by the justice, and reads as follows:

"Defendant pleads general issue, and under the general issue we will give notice that the defendant will prove whatever work was performed by plaintiffs was under a contract in writing, signed by the parties, and done on the 8th day of November, 1888; that what work they did is not in accordance with the contract, or done in a workman-like manner, and before the completion of said contract defendant was obliged to take possession of the same. Plaintiffs abandoned the same after being notified in accordance with the contract, and the defendant, under the terms of this contract, was obliged to take possession of the same, and complete the work, at a cost largely in excess to the contract price to the parties. The consequence therein of plaintiffs will recoup damages to the amount of $300 or under."

Plaintiffs had judgment in justice's court for $35.50 damages and $10 costs.

Defendant appealed to the circuit court for Kent county, where the case was tried before Judge Grove without a jury, who filed written findings of fact and law, and rendered judgment for defendant for the costs of suit. The court found substantially that the work was done by plaintiffs under a written contract, in which they agreed to do all the carpenter and joiner work upon the building, agreeable to the plans and specifications of

W. G. Robinson, architect, and under the personal direction and supervision of defendant, before May 1, 1889, for $500. The contract was dated November 8, 1888. The first payment was to be made when the frame was up, and the roof ready for the gravel roofing; the second payment, when partitions were set, and door and window frames put in their places, and porches built; the balance, when the work had been done and completed. The court further found that some time prior to April 9, 1889, the plaintiffs caused an unreasonable neglect and suspension of work, and refused to follow the plans and specifications, and failed and refused to comply with the agreement; that defendant on that day served a notice upon them, as provided in the contract, declaring a determination of the same, and that he should, after 48 hours' notice to them, enter upon and take possession of the building, and complete the same in accordance with the contract, the costs of which completion, of which plaintiffs would be fully apprised, to be deducted from the amount due to them upon the contract, giving his reasons for determining the contract; that after the lapse of said 48 hours, and on the 12th day of April, 1889, defendant let the contract to other parties for $255, and that said plaintiffs never offered to proceed with said work, but accepted the matter as conclusive, and commenced this action; that defendant had paid plaintiffs $260.50 at the time they were notified as above; that they were entitled to $4 for extra work, and no more. This would leave due upon the contract price the sum of $239.50; adding extra work, $4, total, $243.50. The court found that defendant paid to other parties for completing the work $250, and was entitled to $1.75 for his own labor, and also 50 cents for the notice; in all, $252.25. He therefore found as a fact that defendant had paid

more than the contract price, and, as a matter of law, that he was entitled to judgment for costs.

The counsel for plaintiffs in this Court abandon any claim for extra work, but claim that, as a matter of law, upon the facts as disclosed by the whole record, the plaintiffs are entitled to judgment in this Court for $65.50, and interest from February 2, 1889. It appears from the record and in the findings of the circuit judge that Mr. Robinson, the architect, when the time arrived for the first payment, made an estimate that $150 was due, which amount the defendant paid in full. February 2, 1889, Robinson made another estimate, without personally examining the work, that $175 was due. Upon this statement the defendant paid $109.50, $75 of which had been paid before the estimate was made. The contention of plaintiffs is that this estimate made by Robinson was, under the contract, final, and binding upon the defendant; and that the attempted notice of recoupment under the plea of the general issue was insufficient to warrant any testimony under it. The court below found that Robinson had no authority to make estimates, "except what is found in the written agreement." We find nothing in such agreement authorizing him to make any estimates, and such estimate was not binding upon the defendant.

The plaintiffs did not attempt to recover upon the *quantum meruit* for anything but extra work. They claimed the $65.50 to be due upon the contract. The evidence given under the notice was admissible to show that they were not entitled to this or any other sum under the contract. The contract contained the following clause:

" *Fourth.* Should the contractors at any time during the progress of said works become bankrupt, refuse or

neglect to supply a sufficiency of material or of workmen, or cause any unreasonable neglect or suspension of work, or fail or refuse to follow the drawings and specifications, or comply with any of the articles of agreement, the proprietor or his agent shall have the right and power to enter upon and take possession of the premises, and may at once terminate the contract, whereupon all claim of the contractors, his executors, administrators, or assigns, shall cease; and the proprietor may provide workmen sufficient to complete said works, after giving 48 hours' notice, in writing, directed and delivered to the contractors, or at their residence or place of business; and the expense of the notice and the completing of the various works will be deducted from the amount of contract, or any part of it, due or to become due to the contractors. But if any balance on the amount of this contract remains after completion in respect of work done during the time of the defaulting contractors, the same shall belong to the persons legally representing them, but the proprietor shall not be liable or accountaable to them in any way for the manner in which he may have got the work completed."

It was under this provision that the defendant gave notice and took possession of the building and completed it. The circuit judge found that he had just cause for so doing,—a finding which, as the evidence was conflicting, we are not at liberty to disturb. This makes it unnecessary for us to determine whether damages could have been recouped under the plea and notice, as none were claimed or awarded on the trial. The defendant showed, as the court below found, that the plaintiffs had been overpaid by the terms of the contract under which they sought to recover this $65.50. We think the notice was sufficient to admit the testimony offered and received for this purpose.

Complaint is also made that the court absolutely refused to find upon seven questions of fact and one of law, duly presented to him by plaintiffs' counsel; and wrote at the foot of them as follows:

"I decline to answer all of the above.
                    " WM. E. GROVE, Circuit Judge."

Some of the questions of fact so presented were immaterial to the issue, and the others were plainly and sufficiently answered in the general finding of the court, There was no error in declining to pass upon these questions specifically, nor do we find any error in the admission or rejection of testimony.

The judgment is affirmed, with costs.

McGRATH, LONG, and MONTGOMERY, JJ., concurred. GRANT, J., did not sit.