DARLING MILLING CO. v. CHAPMAN.

1. TRIAL—FINDINGS—IMMATERIAL FACTS.

A circuit judge is not required to find specially upon questions immaterial to the issue, or which are sufficiently answered in his general finding.

2. SAME—EFFECT OF FINDINGS.

Findings of fact by a circuit judge are in the nature of a special verdict, and are conclusive if there is evidence to support them.

Error to Newaygo; Palmer, J. Submitted November 21, 1902. ( Docket No. 119.) Decided December 2, 1902.

*Assumpsit* by the Darling Milling Company against Robert A. Chapman and others, copartners as the R. A. Chapman Hay Company, for the breach of a contract for the purchase of hay. From a judgment for defendants, plaintiff brings error. Affirmed.

*Martin Rozema,* for appellant.

*McKnight & McAllister* and *J. Byron Judkins,* for appellees.

MOORE, J. Plaintiffs sued defendants to recover damages for the breach of a written contract. The case was appealed to the circuit court, where it was tried by the judge without a jury, who rendered a judgment in favor of the defendants. The case is brought here by writ of error.

The record discloses that in December, 1900, plaintiff entered into a written contract with defendants to sell them ten cars of hay. One car load was sent forward. A draft was drawn upon defendants, and was paid. It was the claim of plaintiff that afterwards some cars were loaded with hay, which Mr. Robert Chapman, acting for

defendants, agreed to inspect, so they could go forward, but did not do so, and that his conduct was such as to justify plaintiff in believing defendants did not intend to take any more hay, and were guilty of a breach of the contract.   Defendants denied any breach of the contract, and claimed they were ready and willing to take the hay if it conformed to the kind and quality required by the contract.   The testimony is comparatively brief, consisting of two witnesses upon the part of the plaintiff, and one witness on the part of the defendants, and certain written exhibits.   Though the facts were so simple, the judge was requested to make 27 specific findings of fact and 9 conclusions of law.   Instead of doing this, the judge made a finding of the material facts in the case, the concluding one of which was that the plaintiff had wholly failed to establish a breach of the contract as alleged in its declaration, and found as a conclusion of law that judgment should be entered in favor of defendants.   Upwards of 20 amendments were then proposed to the findings of fact, which the judge declined to make.   Exceptions were then filed, and error assigned.

The important question in the case was whether or not there had been a breach of the contract.   If there had been no breach of the contract, the plaintiff could not recover, and all the other questions were immaterial.   In *Schuler* v. *Eckert*, 90 Mich. 165 (51 N. W. 198), the judge refused to find upon certain questions of fact which were presented to him, and his action was affirmed, the court saying:

"A circuit judge is not required to pass specifically upon questions of fact presented by either party, where the same are immaterial to the issue, or are plainly and sufficiently answered in his general finding."

It has been repeatedly held that the findings of fact by the circuit judge are in the nature of a special verdict, and conclusive in this court, if there is evidence to support them.   *Neumann* v. *Mining Co.*, 57 Mich. 104 (23 N. W.

600), and the many cases there cited. There was an abundance of evidence to justify the finding of the judge that there was no breach of the contract.

The judgment is affirmed.

The other Justices concurred.