Argued 6 February, decided 26 March, 1907.

## CHUNG *v.* STEPHENSON.

89 Pac. 386.

PLEADING—OBJECTIONS—WAIVER.

1. Where a reply treated claims set up by defendant as counterclaims, and they were so regarded on the trial, though they were defectively pleaded, they should have been treated as issues, and findings made thereon.

SET-OFF AND COUNTERCLAIM—CLAIMS SUBJECT TO COUNTERCLAIM.

2. Where a lessee of a hopyard sold his interest in the crop to the lessor and assigned his claim for the purchase money, the assignee took it subject to all counterclaims held by the lessor for advances made pursuant to the lease.

LANDLORD AND TENANT—ADVANCES—ACTION—ISSUES.

3. Where the lessee of a hopyard under a lease, whereby the lessor was to have a certain portion of the crop, assigned his interest, on an issue between the assignee and the lessor as to the lessee's liability for advancements, any question as to whether another was a joint owner or partner with the lessee was immaterial.

APPEAL AND ERROR—PRESENTATION OF QUESTION BELOW—EXCEPTIONS —FAILURE TO MAKE FINDINGS.

4. Section 172, B. & C. Comp., provides that no exception need be taken or allowed to any decision on a matter of law when the same is entered in the journal, or made wholly on matters in writing or on file in the court. *Held*, that under the statute, and as findings in law actions are entered in the journal, the failure of the trial court to find on a counterclaim may be reviewed on appeal, though no exception was taken to such failure to find.

From Multnomah: JOHN B. CLELAND, Judge.

Statement by MR. JUSTICE EAKIN.

This is an action to recover money, to which defendants counterclaimed. From judgment for plaintiff, defendants appeal. Don Sing had a lease of the hopyard of defendants, paying one-third of the crop as rental. The defendants were to advance supplies to aid him in the cropping, the hops were to remain their property until sold, and defendants were to retain out of the price of the hops such sum as would compensate them for such advances. In June, 1904, Don needed money to aid him in caring for the hops, and defendants not having it to spare, authorized him to borrow $150 from plaintiff, and jointly signed a note with him to plaintiff therefor. At the same time defendants gave to plaintiff a duebill for $150 for a former loan he had made to Don, specifying therein that the same was to be paid out of the price of the hops when sold. Plaintiff alleges that on October 27, 1904, Don and Gee He sold to

defendants their two-thirds interest in the hops raised that year at 29½ cents per pound, and thereafter assigned their .claim therefor against defendants to plaintiff, and he seeks to recover on these three items—the note, the duebill and the price of the hops—giving credit for a $250 payment on the latter. Defendants deny the purchase of the hops, plead a tender of $158.50 in payment of the note, allege as a defense an account for advances of $1,093.69 ($1,041.44 of which is admitted), aver that at his request they paid $71.70 as premium for insurance on his interest in the hops, and, as a separate defense, claim damages in the sum of $2,750 for injury to the hop plants due to the negligent cultivation thereof. All these matters of defense are denied by the reply. The only exceptions taken at the trial were to the findings.                                    REVERSED.

For appellant there was a brief and an oral argument by *Mr. John M. Long.*

For respondent there was a brief and an oral argument by *Mr. George E. Chamberlain.*

MR. JUSTICE EAKIN delivered the opinion of the court.

1. These two items, the claim for damages for injury to the hop plants and for the insurance premium paid, are very defectively pleaded, but the reply treats them as counterclaims, and they were so regarded at the trial; therefore, unless otherwise disposed of in that court, they are issues made by the pleadings, and the court should have made findings on such issues: *Daly* v. *Larsen,* 29 Or. 535 (46 Pac. 143).

2. Defendants admit their liability upon the note for principal and interest, and tendered the amount thereof into court. This constitutes payment, and it is clear that they are entitled to be reimbursed therefor out of the price of the hops. It is a counterclaim which defendants were entitled to plead as against Don Sing; for it was clearly understood between them that the signing of the note was a part of the advances to Don provided for in the contract, and plaintiff took the claim subject to every counterclaim held by defendants at the time of the purchase. The amount tendered into court is a payment on the

judgment to that extent, but only against that portion of the judgment based on the note. Thus defendants are not reimbursed out of the price of the hops for the amount paid on the note. The court should have deducted from the price of the hops the amount of this note.

The item of $50 claimed by defendants as payment appears from the evidence to be part of the $250 payment credited in the complaint. The lower court finds the fact correctly as to the $150 duebill, that it is to be paid out of the hops, and, as plaintiff owns the duebill and the claim for the price of the hops, it is proper to ignore it in the judgment, as defendants are not entitled to deduct it from the price of the hops, unless it has been paid by them.

3. Whether Gee He was a joint owner or partner with Don Sing in the crop of 1904 is immaterial. It could only be a question between themselves, and could not affect Don Sing's liability to defendants for advances under the lease.

For the errors here suggested, the cause will be reversed, and remanded to the court below for such further proceedings as may be deemed proper, not inconsistent with this opinion.

REVERSED.

Decided 23 April, 1907.
## ON MOTION FOR REHEARING.

89 Pac. 805.

MR. JUSTICE EAKIN delivered the opinion of the court.

4. It is claimed by this motion that the failure of the lower court to find upon the defendants' counterclaim for damages was not excepted to in the lower court, and cannot be reviewed here, although assigned as error. This question was not suggested at the argument, but the findings in law actions are entered in the journal, and, with the pleadings, is part of the judgment roll; and, if any error of the court below is disclosed therefrom, it may be relied upon in this court without an exception thereto. Section 172, B. & C. Comp., provides that "no exception need be taken or allowed to any decision upon a matter of law when the same is entered in the journal, or made

wholly upon matters in writing and on file in the court." In
*Mitchell* v. *Powers,* 16 Or. 487, 492 (19 Pac. 647, 649), it is
held: "Because an exception need not be taken or allowed to
any decision upon a matter of law, when the same is entered
in the journal, or made wholly upon the matters in writing, and
on file in the court, does not preclude the necessity of making
a statement of the exception. In such case an exception to the
decision is deemed to have been taken. The law regards it as
having been objected to, which constitutes an exception; but
that is a mere challenge to the correctness of the decision.
Whether it is erroneous or not depends upon facts. It is often
necessary to show the circumstances under which it was made
in order to prove it to be erroneous." This decision is quoted in
*Farrell* v. *Oregon Gold Co.* 31 Or. 463, 473 (49 Pac. 876). And
in *Moody* v. *Richards,* 29 Or. 282, 285 (45 Pac. 777), Mr. Justice MOORE, discussing this question, after quoting Thompson
on Trials, to the effect that such a finding of facts is in the
nature of a special verdict and is interpreted and its sufficiency
is determined by the same rule, says: "The statute making it
incumbent upon the court to state the facts found, the consent
of a party to submit his cause for trial without the intervention
of a jury must be construed as a request for a special verdict,
which necessitates a finding upon all the material issues involved in the action." We understand that exceptions are only
necessary to be taken to save and bring up errors transpiring
upon the trial that cannot be preserved in the record without a
bill of exceptions. This error appears from the record, viz.,
the pleadings and the findings, and does not depend upon the
bill of exceptions to disclose it. It is said in *Drainage District*
v. *Crow,* 20 Or. 535, 537 (26 Pac. 845, 846):

"If questions arise upon the trial and exceptions are taken,
and the findings, either of law or fact, cannot properly show
what rulings the court made thereon, the same can only be
reviewed on bill of exceptions as in an ordinary jury trial."

Also, there must be findings of fact sufficient to sustain the
judgment. The rule is well settled that all material issues must

be passed upon: *Fink* v. *Canyon Road Co.* 5 Or. 301, 310. It is said in *Drainage District* v. *Crow,* 20 Or. 535, 537 (26 Pac. 845) : "Where a cause is tried by the court without the intervention of a jury, there must be findings of fact sufficient to sustain the judgment. All the material issues should be passed upon. \* \* In *Dowd* v. *Clarke,* 51 Cal. 262, it was held that a judgment could not stand unless there were full findings which respond to all the material issues made by the pleadings." In that case there was no bill of exceptions, and hence no exceptions, and the cause was reversed because the findings did not support the judgment. In *Pengra* v. *Wheeler,* 24 Or. 532, 538 (34 Pac. 354: 21 L. R. A. 726), where the omission of the court to find upon a counterclaim for damages was assigned as error, *Drainage District* v. *Crow* was cited with approval, and Mr. Justice MOORE says: "The law is well settled in this State that; when a cause is tried by the court without the intervention of a jury, there must be findings of fact upon all the material issues presented by the pleadings. There being no finding upon this issue, it must be presumed that it escaped the attention of the court." Both of these cases are cited with approval in *Jameson* v. *Coldwell,* 25 Or. 199, 205 (35 Pac. 245). To the same effect are *Breding* v. *Williams,* 33 Or. 393 (54 Pac. 206) ; *Lewis* v. *Bank,* 46 Or. 187 (78 Pac. 990). Therefore, we conclude that the question was properly before this court.

The question of defendants' claim for insurance money was specially alleged as an item of counterclaim. This was denied, evidence taken thereon, and a special request for a finding, and is not included even by inference in any finding.

As to the counterclaim for credit for the amount of the note, $158.50, as between Don Sing and the Stephensons, Don would owe them this amount when the Stephensons paid it; and it was to come out of the hops. It is not a question whether Louie was a party to that arrangement. Louie could not deal with Don in relation to the hops without inquiry as to the Stephensons' interest therein. The Stephensons had possession of the hops by the terms of their lease to indemnify them against

advances, and the indorsement of the note was an advance, and Louie cannot claim to be an innocent purchaser. The note was a separate obligation as to Louie, but was a charge upon the hops. It is hardly correct to say that the deposit of the amount of this note is credited upon the judgment. It is credited against the judgment for the amount of the note, $158.50, but there is also judgment for the full amount of the hops, $2,167.46, and this leaves defendants without indemnity for the amount thus paid on the note.

The motion is denied.     REVERSED : REHEARING DENIED.