Argued February 11, decided March 3, rehearing denied May 12, 1908.

## OREGON AUTO-DISPATCH v. PORT. CORDAGE CO.

[94 Pac. 36; 95 Pac. 498.]

SALES—BREACH OF WARRANTY—SUFFICIENCY OF FINDING—PLAINTIFF'S NEGLIGENCE.

1. Plaintiff alleged the purchase of a rope under a warranty that it was strong enough to lower a safe of a given weight, from the third story of a certain building, that it acted on such warranty, that the rope broke, and the safe dropped from the third story to the basement, resulting in damage. Defendant denied each allegation, except the purchase of the rope, and alleged that the damage resulted from plaintiff's negligence. *Held*, that findings that plaintiff purchased the rope with a warranty, that the rope parted, but that plaintiff failed to prove that it was defective, are insufficient to support a judgment for defendant, as the issues as to purchase, in reliance on the warranty, breaking of the rope in lowering the safe, or negligence of plaintiff, are not covered by these findings.

SAME—NEGLIGENCE OF PLAINTIFF—BURDEN OF PROOF.

2. Where negligence of plaintiff is alleged in an action for breach of warranty, the burden of proving it is on defendant.

NEGLIGENCE—RES IPSA LOQUITUR—APPLICATION OF RULE.

The maxim " *res ipsa loquitur* " relates to cases involving negligence, and has no application to an alleged breach of warranty, that a rope would be of sufficient strength to lower a safe.

From Multnomah: JOHN B. CLELAND, Judge.

Statement by MR. JUSTICE EAKIN.

This is an action to recover damages for breach of warranty, defendant having sold to plaintiff a manila rope, to be used by the plaintiff to lower a safe, weighing 4,700 pounds, from the third story of the Stearns building.

It is alleged "that defendant, with full knowledge of the purpose for which said rope was purchased, sold and delivered to plaintiff a certain four-strand manila rope, with the warranty that said rope so sold was of sufficient strength to safely lower and handle said safe." It is further alleged that the plaintiff, relying upon the said warranty, attempted so to lower said safe, but that the rope was not of sufficient strength to carry said weight, and under the weight of said safe parted, and the safe dropped from the said third story to the basement, resulting in the damage.

Defendant, by its answer, denied each allegation of the complaint, except that plaintiff purchased the rope from it, and alleges affirmatively that the breaking of the rope and any damage resulting therefrom was occasioned by the careless and negligent manner in which said rope was handled and used by plaintiff, or by the careless and unskillful manner in which said safe was handled by plaintiff, or by the defective appliances used by plaintiff in moving said safe.

The cause was tried by the court, and it made the following findings of fact:

"(2) And on or about March 4, 1905, plaintiff purchased from defendant a rope, with a warranty on the

part of the defendant substantially as set forth in the amended complaint.

(3) That the rope parted, but the plaintiff has failed to prove that said rope was inherently defective or that it was insufficient or defective in strength or otherwise for the purpose for which it was bought or sold, or that it was a defective or insufficient rope at all; and it has not been otherwise established or proved that said rope was inherently defective, or that it was insufficient or defective in strength or otherwise for the purpose for which it was bought or sold, or that it was a defective or insufficient rope at all."

There are two other findings, containing only a repetition of recitals in No. 3, and from a judgment rendered on said findings in favor of defendant, plaintiff appeals.

REVERSED.

For appellant there was a brief and an oral argument by *Mr. C. A. Bell.*

For respondent there was a brief over the names of *Williams, Wood & Linthicum,* with oral arguments by *Mr. S. B. Linthicum* and *Mr. Isaac Hunt.*

MR. JUSTICE EAKIN delivered the opinion of the court.

There is but one question before us on this appeal, namely: are the findings of fact sufficient to support the judgment? The rule is that findings of fact, made by a court when an action is tried without the intervention of a jury, are equivalent to special verdicts and must be based upon, and as broad as, the material issues involved (*Freeman* v. *Trummer,* 50 Or. 287 : 91 Pac. 1077) ; but, in the absence of a finding on a matter essential to the right of action or defense, such judgment must fail for want of support: *Lewis* v. *Bank,* 46 Or. 182 (78 Pac. 990).

The warranty sued on is that the rope was of sufficient strength to do the work. There is no complaint that it was defective or lacking in quality, but that it was inadequate—lacking in strength. The court finds that the warranty was given substantially as alleged in the complaint, and that the rope parted. Whether plaintiff re-

lied upon the warranty while using the rope, or that it broke when in use lowering the safe, were issues of fact upon which the court should have found; and if found in favor of plaintiff would *prima facie* have entitled plaintiff to recover. But these issues are not mentioned in the findings. The substance of finding No. 3, so far as it relates to the issues, is that the rope parted, and that plaintiff failed to prove that it was insufficient for the purpose for which it was sold. All the other matters in that finding are either repetitions, or relate to the defects in the rope, which are immaterial.

2. The statement that plaintiff failed to prove that the rope was insufficient in strength is but a conclusion; while the finding of fact that the rope parted, establishes that it was insufficient in strength, unless plaintiff was negligent in the manner of the use of the rope, or in handling the safe, or used defective appliances. It was not necessary for plaintiff to prove want of negligence on its part. Plaintiff's negligence was a matter of defense, and is so pleaded, and the burden was upon defendant to prove it: 5 Ency. Pl. & Pr. 10; 30 Am. & Eng. Ency. Law (2 ed.), 208. And if it was proved, the court should have so found. Had the court made findings upon these defenses, showing that the breaking of the rope was plaintiff's fault, then such findings would be sufficient to support the judgment, even though material issues of the complaint are not mentioned: *Freeman* v. *Trummer,* 50 Or. 287 (91 Pac. 1077). To support the judgment rendered, additional findings of fact were necessary, namely, that plaintiff did not purchase or use the rope relying upon the warranty, or that the rope did not part in the lowering of the safe; or, if these facts are found in favor of plaintiff, or are omitted altogether, then there must have been findings that the rope was not caused to break by the weight of the safe, but by some negligence of the plaintiff in the use of the rope, as charged in the answer. The findings of fact do not de-

termine the issues necessary to support the judgment.

Therefore the judgment is reversed, and the cause remanded to the lower court for such further proceedings as may be proper, not inconsistent with this opinion.

REVERSED.

Decided May 12, 1908.

ON PETITION FOR REHEARING.

[95 Pac. 498.]

Opinion by MR. JUSTICE EAKIN.

3. Counsel for the defendant, by this petition, insists that negligence on the part of defendant must be the basis of plaintiff's recovery; but no such element is involved. Assuming that the rope was perfect, yet, if it was not of sufficient strength to lower the safe, it did not fulfill the warranty; and, if the rope was broken by the weight of the safe, then there was a breach of the warranty. That such was the case is the legitimate inference from finding No. 3. We do not understand that the maxim *"res ipsa loquitur"* has any. application to such case. That relates to cases involving negligence: 21 Am. & Eng. Ency. Law (2 ed.), 512; Black's Law Dictionary.

This is an action upon a contract on an express warranty, and an alleged breach of the warranty is the ground upon which the recovery is sought—not a warranty that the rope was a good rope, but that it was sufficient for the purpose desired. Defendant was asked to furnish a rope that would lower a safe of that weight, and defendant chose the rope and said it was sufficient in strength to do the work. If it was not, then defendant is liable, and, the court having found that the rope broke, it could not find for defendant, except upon the fact that plaintiff carelessly handled the rope, or the safe, or used defective appliances, as alleged in defendant's answer.

The case of *Darling Milling Co.* v. *Chapman,* 131 Mich. 684 (92 N. W. 352), cited by defendant, did. not turn

upon the finding quoted in the brief, but the opinion says that the judge made findings of the material facts of which the one quoted was the concluding one, namely, that plaintiff had wholly failed to establish a breach of the contract as alleged in the declaration. But it is not intimated that this finding was sufficient to sustain the judgment. Our statute requires the court to state the facts found separately from the conclusions of law. There are but two facts found by the court, namely, that there was a warranty as alleged, and that the rope broke, and this will not sustain the judgment rendered. In *Kane* v. *Rippey*, 22 Or. 299 (29 Pac. 1005), this court held that a finding "that the abstract furnished to plaintiff does not show any legal defects or incumbrances, and there are none in fact," is not a finding of fact, but a naked conclusion; and so the fourth and fifth findings are merely conclusions. If the rope broke from any other cause than the weight of the safe, the facts relating thereto should have been found.

The petition for rehearing is denied.

REHEARING DENIED.