Argued August 9, decided September 27, 1910.

## HENDERSON *v.* REYNOLDS.

[110 Pac. 979.]

TRIAL—FINDINGS · OF FACT—SUFFICIENCY.

1. Findings of fact by the court must include all the material issues, though, where it adopts the theory of one of the parties antagonistic to the theory of the adverse party, a statement of all the facts involved is not always essential.

TRIAL—FINDINGS OF FACT—SUFFICIENCY.

2. Where, in an action for services in effecting a sale, the answer admitted the performance of the services and alleged an accounting and settlement and payment of the sum agreed to be due plaintiff, and the reply denied the allegation, a finding that defendant was indebted to plaintiff in the sum sued on was only a conclusion of law and did not dispose of the issues.

From Multnomah: WILLIAM N. GATENS, Judge.

Statement by MR. CHIEF JUSTICE MOORE.

Of the two causes of action set forth, only the second is involved herein, and the complaint, referring thereto, states in effect that about November 10, 1907, the plaintiff, at the special instance and request of the defendant, negotiated and effected for him the sale of a bond of the Realty Associates of Portland, Oregon, for $10,000, which sum was paid by the purchaser to the defendant, who, in consideration of the services so performed by the plaintiff, promised to pay him $333.33, but upon a request therefor neglected to discharge any part thereof.

The answer denies that plaintiff consummated the sale of any bond, but admits that he introduced a person to the defendant to whom the latter sold certificates of indebtedness amounting to $16,000. For a further defense it is alleged, in substance, that the parties hereto thereafter had an accounting and settlement of all their dealings, whereupon it was agreed that plaintiff should receive for all his services so performed $400, which sum had been paid to him by the defendant.

The reply put in issue the allegations of new matter in the answer, and, the cause having been tried without the intervention of a jury, the court found from the testimony received the following facts:

"That the allegations contained in the second cause of action as contained in plaintiff's complaint are true, and that defendant is indebted to the plaintiff in the sum of $333.33."

As a conclusion of law deducible therefrom, the court found as follows:

"That as to the second cause of action stated in plaintiff's complaint plaintiff is entitled to a judgment against defendant for the sum of $333.33, together with his costs and disbursements herein."

A judgment having been rendered in accordance with such findings, the defendant appeals.    REVERSED.

For appellant there was a brief over the names of *Mr. Dan J. Malarkey* and *Ephraim B. Seabrook,* with an oral argument by *Mr. Seabrook.*

For respondent there was a brief over the names of *Mr. A. H. McCurtain* and *Mr. H. Daniel,* with an oral argument by *Mr. Daniel.*

Opinion by MR. CHIEF JUSTICE MOORE.

1. It is contended that the findings made by the court do not support the judgment, and, such being the case, an error was committed in awarding a recovery against the defendant. The rule is settled in this state that, when a cause is tried without the interposition of a jury, the findings of fact made by the court must be as extensive as, and include, all the material issues involved: *Drainage District* v. *Crow,* 20 Or. 535 (26 Pac. 845); *Moody* v. *Richards,* 29 Or. 282 (45 Pac. 777); *Daly* v. *Larsen,* 29 Or. 535 (46 Pac. 143). When, however, in its findings of fact the court adopts the theory of one of

the parties, which hypothesis is necessarily antagonistic to, and decisive of, the assumption made by the adverse party, a statement of all the facts involved is not always essential: *Lewis* v. *First National Bank,* 46 Or. 182 (78 Pac. 990) ; *Freeman* v. *Trummer,* 50 Or. 287 (91 Pac. 1077) ; *Naylor* v. *McColloch,* 54 Or. 305 (103 Pac. 68).

2. The finding herein that the averments of the complaint are true and that the defendant is indebted to plaintiff in the sum of $333.33 might seem to negative the allegations of the answer in respect to the defense of accord and satisfaction. The statement of the indebtedness thus noted, though made as a finding of fact, is only a conclusion of law without the specification of the particular facts on which the deduction is based. In *Kane* v. *Rippey,* 22 Or. 299, 302 (29 Pac. 1005, 1006), the court, referring to a similar deduction, says: "These are not findings of fact, but naked legal conclusions." To the same effect, see, also, *Oregon Auto-Dispatch* v. *Port. Cordage Co.,* 51 Or. 583, 588 (94 Pac. 36: 95 Pac. 498).

The answer practically admits the averments of the second cause of action, respecting the performance of plaintiff's services, but alleges an accord and satisfaction in full settlement of the plaintiff's demands. This allegation having been denied in the reply, the issue thus formed was material, and the finding that the defendant is indebted to the plaintiff in the sum of $333.33 does not, in our opinion, necessarily dispose of the cause.

Assuming that the allegations of the complaint were admitted by the answer so that specific findings of fact conformable to the averments of plaintiff's primary pleading were unnecessary, the failure to find in relation to the alleged payment necessitates a reversal of the judgment, and a new trial, which are ordered.

REVERSED.