Argued February 9, affirmed March 22, 1961

REID ET AL v. REID

360 P. 2d 555

*Orval N. Thompson,* Albany, argued the cause for appellant. On the brief were Weatherford and Thompson, Albany.

*H. W. Devlin,* McMinnville, argued the cause for respondent. On the brief were Cummins & Devlin, McMinnville.

Before McALLISTER, Chief Justice, and ROSSMAN, PERRY, GOODWIN and LUSK, Justices.

PERRY, J.

The plaintiffs commenced this suit for the purpose of quieting title to 78 acres of land located in Yamhill county. The defendant, by answer, denied the allegations of the plaintiffs' complaint, alleged ownership of the real property, and sought to have title quieted as against the claims of plaintiffs.

The trial court entered a decree quieting the title in the plaintiffs on the basis of adverse possession. On appeal to this court the judgment was modified. *Reid et al v. Reid,* 219 Or 500, 348 P2d 29. In our opinion we stated, 219 Or 500, 519:

> "The defendant in her cross-complaint prays that she be decreed the owner in fee simple of the land in question, free and clear of any and all claims of the plaintiffs and of all persons claiming by, through, or under them. This, we think, the defendant is entitled to; conditioned, however, upon her payment to plaintiffs of all monies advanced by Clair J. Reid in satisfaction of the Kliks mortgage and in satisfaction of the judgment which constituted a lien on the property on October 10, 1924, together with interest upon said monies so advanced. Should defendant fail, within 30 days from the entry of the mandate of this court, to file in the circuit court amended pleadings offering to redeem said land by paying all monies hereinabove found to be due plaintiffs, the defendant's cross-complaint, as well as the plaintiffs' complaint, should be dismissed. The plaintiffs being in possession may maintain such possession as against the defendant until payment is made. Caro v. Wollenberg, supra [68 Or 420, 136 P 866].
>
> "The decree of the circuit court is modified and the cause remanded for further proceedings."

The mandate followed the opinion of the court and provided "that the decree of the court below rendered

and entered in this cause be and the same is hereby modified and the cause remanded to said court with directions to take further proceedings in conformity with the opinion of the court herein and in accordance therewith."

After the mandate was spread of record in the trial court, the defendant tendered an answer in which she alleged "that there had been a family agreement, wherein the parents of Clifford F. Reid and Clair Reid agreed with Clifford F. Reid and Clair Reid, and Clifford F. Reid and Clair Reid agreed together, that the farm owned by the parents would be by them conveyed by will or deed to Clair Reid, and that Clair Reid would deed back the land that Clifford F. Reid had deeded to him, which is the subject matter of this suit; that Clair Reid and wife did deed back this land, within a few days after the agreement, to Clifford F. Reid, and, subsequently, the parents conveyed the home place land to Clair Reid, all of which was done in the performance of this agreement, and this amounted to a payment of the money advanced by Clair Reid to Clifford F. Reid in the amount of some $6,000, the land conveyed by Clifford F. Reid to Clair Reid having been made to secure Clair Reid for the payment of the said $6,000 obligation."

The plaintiffs moved that the answer be stricken on the ground that it did not comply with the mandate. The trial court sustained plaintiffs' motion and, defendant not desiring to plead further, the defendant's answer and cross-complaint and plaintiff's complaint were dismissed. From the trial court's order dismissing defendant's answer and cross-complaint defendant appeals.

The basis of defendant's appeal is that she should be permitted to show that the monies which the father

of these plaintiffs paid to Clifford F. Reid, the husband of the defendant, were repaid and the debt extinguished by an agreement as set forth in her answer; that this issue was never determined either in this court or in the trial court. Defendant in her brief states:

> "The defendant is directed to file the amended cross complaint which of necessity must be an answer to the reinstated first cause of suit in plaintiffs' complaint. That question has never been determined. The Supreme Court did not determine it. It directed the defendant to file her claim upon that subject as an answer to the plaintiffs' reinstated cause of suit."

The defendant, by her statement, evidently misunderstands the purport of our former opinion. Our former opinion quite clearly disclosed that plaintiffs' causes of suit failed entirely, both as to being purchasers of the land by reason of their father's payment of Clifford's indebtedness, and upon their claim of title by adverse possession.

The sole issue then remaining was, did the defendant have the right under the prayer of her cross-complaint to have the title to the property quieted in her?

■ The issues presented in the trial court were those of which a court of equity takes cognizance. The defendant's appeal was from the entire decree rendered in the trial court, which dismissed defendant's cross-complaint seeking to have the title to the premises quieted in her. On defendant's appeal from the entire decree, this court tries the cause de novo upon the record as made. *Taylor et ux v. Grant et al,* 204 Or 10, 279 P2d 479, 279 P2d 1037, 281 P2d 704; *Taffe v. Smyth,* 62 Or 227, 125 P 308. This we did and determined that the defendant was entitled to the relief prayed for upon tendering the amounts of money found to have

been paid by Clair Reid for the benefit of the defendant's husband Clifford.

To reach this determination, it was necessary to fully consider the question now presented by defendant of whether or not there was an agreement between Clair and Clifford that if Clair received from his parents the home place he was to renounce his claim to be reimbursed for monies expended in paying Clifford's indebtedness for which the land in question was security.

Defendant now states that the determination of this issue on appeal has resulted in preventing her from showing there was in fact an agreement that Clair was to pay Clifford's indebtedness.

We cannot agree with this contention. Defendant, as pointed out hereinbefore, was seeking to quiet her title in the property against the claims of the plaintiffs. The defendant in filing her cross-complaint must have been cognizant of the fact that he who seeks equity must do equity. Therefore, when it appeared in the cause that Clair had paid Clifford's indebtedness upon the land, it became incumbent upon the defendant to show that it would not be inequitable to grant her the relief she sought. Full opportunity was then afforded her for this purpose in the trial court. *Dickerson v. Murfield,* 173 Or 662, 147 P2d 194.

The defendant having had full opportunity to present her cause in the trial court, we decline to grant another trial.

The decree of the trial court is affirmed.